**Kenneth D. PARKER, Plaintiff,**

v.

**Correctional Officer Phil ASHER, Defendant.**

**No. CV–N–88–218–ECR.**

United States District Court, D. Nevada.

Dec. 16, 1988.

Kenneth D. Parker, Carson City, Nev., pro se.

John Cary, Deputy Atty. Gen., Carson City, Nev., for defendant.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

### STATEMENT OF THE CASE

Plaintiff Kenneth Parker ("Parker"), an inmate at Nevada State Prison ("NSP"), has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 against defendant Phil Asher ("Asher"), a correctional officer at NSP. The instant motion before the Court is Asher's motion to dismiss the complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a cognizable claim.

Parker's complaint alleges that Asher "intentionally, maliciously, and sadistically assaulted" him by threatening to shoot him with a taser gun. A taser gun is a handheld pistol which fires a tiny dart. This dart is connected to the gun with wires and it administers a low amperage, high voltage electrical shock that will temporarily incapacitate an individual. *See Michenfeld-er v. Sumner,* 860 F.2d 328, 330 (9th Cir. 1988).

According to Parker's complaint, his confrontation with Asher arose as he attempted to explain to Asher why he did not want to move into a certain prison wing at NSP. Asher allegedly refused to listen to the explanation and threatened to get a taser gun unless Parker immediately moved into his new cell. A few minutes later, as Parker was moving his property into his new cell, Asher allegedly pointed a loaded taser gun at Parker and threatened to fire it. Parker claims that he was following Asher's order to move his property and that Asher had "no reason" to threaten him with the taser gun. In his amended complaint, Parker alleges that Asher's conduct violated Nevada's state law of assault and the United States Constitution's eighth and fourteenth amendments.

### STANDARDS FOR A MOTION TO DISMISS

In analyzing the legal sufficiency of a complaint under Fed.R.Civ.P. 12(b)(6), a court should not dismiss the complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hospital Building Co. v. Trustees of Rex Hospital,* 425 U.S. 738, 746, 96 S.Ct. 1848, 1853, 48 L.Ed.2d 338 (1976) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)); *see also In re Financial Corp. of America Shareholder Litigation,* 796 F.2d 1126, 1128 (9th Cir.1986). This rigorous standard for dismissal is particularly appropriate in civil rights cases filed by *pro se* prison inmates pursuant to 42 U.S.C. § 1983. *See, e.g., Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir.1987). Furthermore, where the plaintiff appears *pro se,* courts must construe his pleadings liberally and afford the plaintiff the benefit of the doubt. *Haines,* 404 U.S. at 520, 92 S.Ct. at 595–96; *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc).

### EIGHTH AMENDMENT CLAIM

The eighth amendment prohibits prison authorities from inflicting cruel and

unusual punishments on prison inmates. *Whitley v. Albers*, 475 U.S. 312, 318–19, 106 S.Ct. 1078, 1083–84, 89 L.Ed.2d 251 (1986); *Ingraham v. Wright*, 430 U.S. 651, 669–70, 97 S.Ct. 1401, 1411–12, 51 L.Ed.2d 711 (1977). Conduct by prison authorities constitutes cruel and unusual punishment where it causes an "unnecessary and wanton infliction of pain" and, thereby, offends "the evolving standards of decency that mark the progress of a maturing society." *Ingraham*, 430 U.S. at 670, 97 S.Ct. at 1412 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)); *Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981) (quoting *Trop v. Dulles*, 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (1958)). The key inquiry under the eighth amendment is not the nature of the inmate's injury, but the reason for the infliction of that injury. "It is obduracy and wantonness, not inadvertence or error in good faith, that characterizes the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley*, 475 U.S. at 319, 106 S.Ct. at 1084. Furthermore, since the purpose of the eighth amendment is to prevent prison authorities from inflicting grossly undue punishments, it applies to wanton and unnecessary verbal abuse as well as physical abuse. *See, e.g., Hernandez v. Denton*, 861 F.2d 1421, 1423–24 (9th Cir. 1988); *Owens v. Maschner*, 811 F.2d 1365, 1365–66 (10th Cir.1987); *Rhodes v. Robinson*, 612 F.2d 766, 771–72 (3rd Cir.1979); *Hudspeth v. Figgins*, 584 F.2d 1345, 1348 (4th Cir.1978), *cert. denied*, 441 U.S. 913, 99 S.Ct. 2013, 60 L.Ed.2d 386 (1979).

The Ninth Circuit Court of Appeals recently applied the above eighth amendment standards to establish guidelines for the constitutional use of taser guns by prison authorities. In *Michenfelder v. Sumner*, 860 F.2d 328 (9th Cir.1988), the Court of Appeals addressed an inmate's challenge to NSP's policy of allowing its guards to carry and use taser guns. The inmate alleged that a NSP guard violated his eighth amendment rights by threatening to shoot him with a taser gun unless he cooperated with the guard's strip search.

In affirming the dismissal of this claim, the Ninth Circuit held that taser guns are not per se unconstitutional as long as they are "used to enforce compliance with [an order] that had a reasonable security purpose." *Id.* at 335. By contrast, the court stated that taser guns should not be used "for the sole purpose of punishment or the infliction of pain." *Id.* at 336 (quoting *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984), *cert. denied*, 470 U.S. 1085, 105 S.Ct. 1846, 85 L.Ed.2d 144 (1985)). Indeed, in prohibiting the use of taser guns as a form of punishment, the court compared these weapons to the notorious "Tucker telephones" that were formerly used in Arkansas prisons to administer electrical shocks to various sensitive parts of inmates' bodies. *Michenfelder*, at 335. Hence, the Court ruled that the appropriateness of the use or threatened use of a taser gun "must be determined by the facts and circumstances of the case." *Id.* at 336 (quoting *Soto*, 744 F.2d at 1270).

■ In light of the *Michenfelder* decision, this Court cannot dismiss Parker's complaint in the case at bar for failure to state a cognizable claim. Construing Parker's complaint liberally, as we must, we find it to allege that Asher threatened to shoot him with the taser gun for no legitimate penological reason. According to Parker, he was complying with Asher's previous order when Asher loaded the taser gun and "intentionally, maliciously, and sadistically" pointed it at him. These allegations suggest that Asher was not using the taser gun to enforce security or discipline, but merely to inflict gratuitous fear and punishment. Furthermore, Parker claims that he suffered great anguish and distress due to his fear that Asher would subject him to immediate bodily harm. Thus, since Parker has alleged an "unnecessary and wanton infliction of pain," he has stated an eighth amendment claim for which relief can be granted pursuant to 42 U.S.C. § 1983.

In addition, we find the case law cited by Asher in his motion to dismiss to be inapposite to the instant case. Asher correctly notes that in *Gaut v. Sunn*, 810 F.2d 923 (9th Cir.1987), the Ninth Circuit held that

"mere naked threats" cannot constitute an eighth amendment violation. *Id.* at 925. Asher errs, however, in asserting that the facts in *Gaut* are "on all fours" with the circumstances of the present case. In *Gaut,* an inmate alleged that several prison guards threatened to physically beat him in the future if he sought legal redress for a previous beating. *Id.* This situation differs markedly from the case at bar because it did not involve two of the traditional elements of assault, a threat of imminent bodily harm and a present ability to effectuate that threat. Since the guards in *Gaut* did not threaten to administer an immediate physical beating, they posed no imminent danger, unlike the very immediate threat allegedly posed by Asher in the instant case. Moreover, the complainant in *Gaut* did not claim that the guards took any action to effectuate their supposed threats. In contrast, Parker claims that Asher loaded the taser gun and pointed it directly at him. A vast difference exists between a "mere naked threat" and a loaded gun aimed in support of a threat. *See Hudspeth v. Figgins,* 584 F.2d 1345, 1348 (4th Cir.1978) (holding that an eighth amendment claim existed where an inmate alleged that a guard had threatened to shoot the inmate for no reason and then gestured towards his holstered firearm), *cert. denied,* 441 U.S. 913, 99 S.Ct. 2013, 60 L.Ed.2d 386 (1979).

Thus, our ruling in this case is a very limited one. We do not hold that a prison inmate states a valid eighth amendment claim merely by alleging that a correctional officer threatened to harm him. Correctional officers often must use threats to enforce security and discipline. Nor do we prohibit prison guards from threatening to use their taser guns for a legitimate penological reasons. We hold only that guards cannot aim their taser guns at inmates for the malicious purpose of inflicting gratuitous fear. Allegations of such sadistic conduct state a cognizable claim of cruel and unusual punishment.

### FOURTEENTH AMENDMENT AND ASSAULT CLAIMS

Parker also claims that Asher's alleged conduct violates the United States Constitution's fourteenth amendment and Nevada's state law of assault. Asher has presented no arguments for dismissing these additional claims. Furthermore, our review of the applicable authorities persuades us that the factual allegations in Parker's complaint are sufficient to support these two additional causes of action. *See Rochin v. California,* 342 U.S. 165, 172, 72 S.Ct. 205, 209–10, 96 L.Ed. 183 (1952) (due process clause of fourteenth amendment prohibits law enforcement conduct that "shocks the conscience"); NRS § 200.471 (" 'assault' means an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another.").

### JUDGMENT

IT IS, THEREFORE, HEREBY ORDERED that defendant Asher's Motion to Dismiss the Amended Complaint (document # 10) is DENIED.