972 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Salvatore PELLEGRINO, Plaintiff-Appellant,
v.
Robert G. BORG, Warden of New Folsom State Prison, et al.,
Defendants-Appellees.
 No. 91-16312.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 18, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Salvatore Pellegrino, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 civil rights action as frivolous under 28 U.S.C. § 1915(d).[1] We review for abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728 (1992), and we affirm.[2]
 
 
 3
 A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Although this court "respects an incarcerated prisoner's right to bodily privacy, ... assigned positions of female guards that require only infrequent and casual observation, or observation at distance, and that are reasonably related to prison needs are not so degrading as to warrant court interference." Michenfelder v. Sumner, 860 F.2d 328, 334 (9th Cir.1988) (citations omitted). Allegations of a threat for the purpose of denying one's access to the courts are insufficient to state a cause of action under section 1983. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987).
 
 
 4
 In his amended complaint, Pellegrino contends that (1) he was deprived of his right to privacy because female prison guards observed him from the prison's control booth while he was showering; and (2) he was denied access to the courts because prison officials threatened him for intending to take legal action. Pellegrino's first contention is insufficient to constitute a deprivation of Pellegrino's right to bodily privacy. See Michenfelder, 860 F.2d at 334. Pellegrino's second contention also fails to state a constitutional violation. See Gaut, 810 F.2d at 925. Accordingly, because Pellegrino's complaint lacks an arguable basis in law, the district court did not abuse its discretion in dismissing it. See Neitzke, 490 U.S. at 325.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We interpret the district court's dismissal of Pellegrino's amended complaint before service of process as a dismissal under 28 U.S.C. § 1915(d). See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989)