978 F.2d 714
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary Dale BRYMER, Plaintiff-Appellant,
v.
Jeffrey HOOD, et al., Defendant-Appellee.
 No. 92-15731.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 23, 1992.*
Decided Oct. 29, 1992.
 
 Before SNEED, BEEZER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Brymer, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action before service of process.[1] He alleges that a prison official denied him access to the courts by threatening him with physical harm in retaliation for pursuing legal redress. We review for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed before service of process under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Id. at 325. In civil rights actions, allegations of a pro se complaint, however inartfully pleaded, should be liberally construed. Lopez v. Dept. of Health, 939 F.2d 881, 882-83 (9th Cir.1991). A pro se plaintiff with an arguable claim is entitled to issuance and service of process. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 4
 While vague and conclusory allegations of official participation in civil rights violations are insufficient to withstand a motion to dismiss, see Richards v. Harper, 864 F.2d 85, 88 (9th Cir.1988), a pro se civil rights action may be dismissed prior to service of process only if it is wholly frivolous. See Neitzke, 496 U.S. at 324-25.
 
 
 5
 Here, Byrmer's allegations that prison officials threatened an inmate with bodily harm to convince him to refrain from pursuing legal redress fail to state a cause of action under section 1983. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987) (per curiam) ("a mere threat may not state a cause of action ... and it trivializes the eighth amendment to believe that a threat constitutes a constitutional wrong").
 
 
 6
 The Supreme Court has recognized access to the courts to be constitutionally protected. Bounds v. Smith, 430 U.S. 817 (1977). Nevertheless, a "mere naked threat" to do an act is not equivalent to doing the act itself. Gaut, 810 F.2d at 925.
 
 
 7
 Therefore, the district court properly dismissed Gaut's section 1983 action as frivolous. See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We construe the district court's dismissal before issuance and service of process as a dismissal under 28 U.S.C. § 1915(d). See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989)