19 F.3d 1439
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kevin Bruce DICKINSON, Plaintiff-Appellant,
v.
Dr. GOPALAN, et al., Defendants-Appellees.
 No. 93-15053.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 14, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kevin Bruce Dickinson, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. Sec. 1983 action alleging that prison officials violated his Eighth Amendment right by failing to prescribe the medication klonopin/clonazepan for his psychiatric disorder. Dickinson also contends that the district court erred by denying his motions for appointment of counsel, and for consolidation of his case with Casey v. Lewis, No. CIV90-0054 PHX CAM,[1] a class action lawsuit then pending against corrections officials in Arizona. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992), and affirm.
 
 
 3
 * Summary Judgment
 
 
 4
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. Taylor, 880 F.2d at 1045. Conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Id.
 
 
 5
 To establish a violation of the Eighth Amendment, Dickinson must show that the defendants were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir.1989). A difference of opinion over proper medical treatment does not constitute deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). Moreover, a claim of mere negligence related to medical treatment is not enough to make out a violation of the Eighth Amendment. See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981).
 
 
 6
 In support of its summary judgment motion, prison officials submitted the affidavits of Drs. Menendez and Gopalan which state that they discontinued treating Dickinson with klonopin because of the drug's tendency to promote physical and psychological dependence. The affidavits also state that between March 11, 1988 and March 29, 1989, Dickinson was seen by prison psychiatrists 31 times, that he was prescribed other psychiatric medication during that time, and that his symptoms were closely monitored. In his opposition to the defendants' summary judgment motion, Dickinson submitted an affidavit in which he claimed that klonopin is the only medication that has been effective in treating his psychiatric disorder, and that other medications prescribed by the prison render him a "zombie."
 
 
 7
 Because a difference of opinion over proper medical treatment does not constitute deliberate indifference, Dickinson's contention of an eighth amendment violation resulting from the prison's failure to prescribe him klonopin lacks merit. See Sanchez, 891 F.2d at 242. Accordingly, the district court properly entered summary judgment in favor of prison officials. See Taylor, 880 F.2d at 1044.[2]
 
 II
 Appointment of Counsel
 
 8
 Dickinson contends that the district court abused its discretion by failing to appoint counsel to represent him. This contention lacks merit.
 
 
 9
 Appointment of counsel under section 28 U.S.C. Sec. 1915(d) is left to the sound discretion of the trial court and is appropriate only in "exceptional circumstances" where the legal issues are complex. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990). Because this case does not involve exceptional circumstances, the district court did not abuse its discretion by refusing to appoint counsel for Dickinson. See id.
 
 III
 Motion to Consolidate
 
 10
 Dickinson contends that the district court erred by denying his motion to consolidate his case with Casey v. Lewis, a class action lawsuit then pending against corrections officials in Arizona. This contention lacks merit.
 
 
 11
 "The district court has broad discretion under ... [Fed.R.Civ.P. 42(a) ] to consolidate cases pending in the same district." Investors Research Co. v. United States Dist. Court, 877 F.2d 777, 777 (9th Cir.1989) (order). Here, Dickinson failed to present any basis for consolidating his action with Casey. Rather, he merely argued that in the alternative to appointing him counsel, the court should have consolidated the two actions. Given these circumstances, the district court did not abuse its discretion by denying Dickinson's motion to consolidate. See id.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 834 F.Supp. 1477 (D.Ariz.1993)
 
 
 [2]
 Dickinson also appears to contend that defendants violated his constitutional rights by allegedly threatening to place him in a four-point restraint. The district court properly granted summary judgment on this issue. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987) (per curiam) (verbal abuse or threat of bodily harm is insufficient to state a constitutional deprivation under section 1983)