**Susan Carol HUFFMAN, Plaintiff,**

v.

**T. FIOLA, et al., Defendants.**

**No. C 93–20555 JW.**

United States District Court, N.D. California.

April 6, 1994.

and 3) dismissed the County of Monterey and the Sheriff's Department as defendant. The Court granted Plaintiff leave to amend on these claims. Moreover, the Court dismissed additional claims without leave to amend. The Court received an amended complaint on December 28, 1993 in which Plaintiff submitted new claims against additional defendants.

1. *Sufficiency of Amended Complaint*

The Court dismissed Plaintiff's deprivation of property claim but granted leave to amend with respect to the nature of the property confiscated and the circumstances under which it was taken. Plaintiff has failed to amend the complaint to allege these facts. Accordingly, the deprivation of property claim is hereby DISMISSED with prejudice.

The Court found that Plaintiff stated a cognizable claim for denial of access to the law library, but dismissed the claim with leave to amend directing Plaintiff to identify the person who denied her access to the law library. Plaintiff has failed to amend as directed and the Court accordingly DISMISSES this claim, with prejudice.

Plaintiff has failed to allege any facts in her amended complaint which impose liability upon Monterey County or. the Sheriff's Department. Accordingly, these Defendants are DISMISSED with prejudice.

B. *Factual Background of New Claims*

The Pacific Grove Police Department arrested Plaintiff at her home on March 1, 1992. During the booking procedure, Plaintiff alleges police officer Neil Shaw directed her to a booking cell and began conducting a search of her person. Plaintiff claims Officer Shaw molested and sexually assaulted her as she adamantly protested. She alleges two other officers, David Palmer and John Purdham, present during the assault, not only ignored her cries for help, but laughed during the incident.

Later, Plaintiff was transported to jail. After checking with his supervisors, the floor guard on duty allowed Plaintiff to call a women's crisis center to document the alleged assault with an outside source. Plaintiff was not allowed to make the call in private.

Susan Carol Huffman, pro se.

## ORDER PARTIALLY DISMISSING CLAIMS AND FOR SERVICE

WARE, District Judge.

Plaintiff, Susan Huffman, has filed a *pro se* civil rights complaint against Defendants pursuant to 42 U.S.C. § 1983. She also seeks to proceed *in forma pauperis*.

### I. BACKGROUND

A. *November 19, 1993 Order*

In its November 19, 1993 Order, the Court found Plaintiff stated cognizable claims against Defendants Fiola, Dalton and Lizarraga for violation of her Fourth and Eighth Amendment rights. The Court 1) dismissed Plaintiff's deprivation of property claim, 2) dismissed her access to the law library claim

Plaintiff remained in jail for three days awaiting an O.R. hearing. Plaintiff alleges that guards would not allow her to shower the entire time she was in jail but allowed other inmates to shower. She also claims she was denied reading materials and the opportunity to make telephone calls.

On March 3, 1992, Plaintiff claims Sgt. Reagan and a group of guards entered her cell and "hog-tied" Plaintiff in a painful manner. Plaintiff claims she remained hog-tied on the bus ride to her court appearance and claims that she was injured from the restraints and from falling off the seat on the bus every time the bus stopped.

Plaintiff alleges that Deputy Smith, the bus driver, led her to a holding cell by pulling Plaintiff's hair. Plaintiff allegedly remained in the holding cell, hog-tied on the floor for four hours while none of the other women in the cell were restrained in any way. Plaintiff claims that whenever Deputy Smith entered the cell, she would slam Plaintiff's head against the concrete wall without provocation.

When taken into court, Plaintiff wore foot restraints which caused her pain and made it very difficult for her to walk. Plaintiff alleges that she had been in restraints for so long her hands were black and swollen and that she has permanently lost feeling in her hands.

Later, on August 18, 1993, while serving her sentence at the Monterey County Jail, Plaintiff alleges that Deputy Schaffer violated Plaintiff's civil rights. Plaintiff claims that during the one hour Plaintiff was allowed out of her cell, Deputy Schaffer, unprovoked by Plaintiff, harassed and threatened Plaintiff. After threatening to "kick her ass," Schaffer put Plaintiff in a rubber room for about an hour.[1] Upon taking Plaintiff back to her cell, Schaffer stopped to pick up a grievance form for Plaintiff. When Plaintiff informed Schaffer that she did not need the form since she would be filing an action in district court, Plaintiff alleges that Schaffer got very angry and "stomped" on Plaintiff's bare feet with her police boots,

more than one time. Plaintiff alleges that Schaffer then placed Plaintiff in the rubber room for another hour before returning her to her cell.

## II. *LEGAL STANDARD*

Title 28 U.S.C. § 1915(d) authorizes federal courts to dismiss a claim filed *in forma pauperis* prior to service "if the allegation is untrue, or if satisfied that the action is frivolous or malicious." Under this standard, a district court may review the complaint and dismiss *sua sponte* those claims premised on meritless legal theories or that clearly lack any factual basis. *Denton v. Hernandez,* —— U.S. ——, ——–——, 112 S.Ct. 1728, 1730–31, 118 L.Ed.2d 340 (1992). However, *pro se* papers must be liberally construed especially where civil rights claims are involved. *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 175–76, 66 L.Ed.2d 163 (1980); *Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir.1988).

In order to allege facts sufficient to show a jurisdictional basis for imposing liability on an individual defendant, *Leer v. Murphy,* 844 F.2d 628, 634 (9th Cir.1988); *Harris v. City of Roseburg,* 664 F.2d 1121, 1125 (9th Cir.1981); *see Franklin v. Murphy,* 745 F.2d 1221, 1234 (9th Cir.1984), plaintiff must allege facts to show that the defendant proximately caused the deprivation of rights which plaintiff complains. *Harris,* 664 F.2d at 1125. Moreover, a section 1983 violation may be stated by alleging that a supervisor's failure to properly train or supervise personnel led to the deprivation of constitutional rights, or by alleging that a policy existed that led to the deprivation of constitutional rights, or by alleging that the defendant knew of the alleged misconduct and failed to act to prevent future misconduct. *Ybarra v. Reno Thunderbird Mobile Home Village,* 723 F.2d 675, 680–81 (9th Cir.1984); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989).

A pretrial detainee is not protected by the Eighth Amendment's proscription against cruel and unusual punishment since

1. This is the same rubber room that Plaintiff was taken to upon entering jail to serve her sentence where the alleged 3 on 1 sexual assault took place. The Court's Nov. 19, 1993 Order addressed that incident. ·

the detainee has not been convicted of a crime. *Bell v. Wolfish,* 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 1871–72 n. 16, 60 L.Ed.2d 447 (1979); *Graham v. Conner,* 490 U.S. 386, 395 n. 10, 109 S.Ct. 1865, 1871 n. 10, 104 L.Ed.2d 443 (1989); *City of Revere v. Massachusetts Gen. Hosp.,* 463 U.S. 239, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983); *Ingraham v. Wright,* 430 U.S. 651, 671–72 n. 40, 97 S.Ct. 1401, 1412–13 n. 40, 51 L.Ed.2d 711 (1977). However, the Due Process Clause of the Fourteenth Amendment protects pretrial detainees from punishment without due process since they have not been convicted of a crime. *United States v. Salerno,* 481 U.S. 739, 746–47, 107 S.Ct. 2095, 2101–02, 95 L.Ed.2d 697 (1987); *Bell,* 441 U.S. at 535–36, 99 S.Ct. at 871–73. The protections of the Due Process Clause are at least as great as those of the Eighth Amendment. *Revere,* 463 U.S. at 244, 103 S.Ct. at 2983; *Gary H. v. Hegstrom,* 831 F.2d 1430 (9th Cir.1987) (a detainee who has not been convicted of a crime is entitled to more protective Fourteenth Amendment standard).

## III. *DISCUSSION*

### A. *Sexual Assault*

 Although prisoners have no right to privacy in a jail cell, *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), and a prisoner may be subjected to strip searches and body cavity searches conducted in a reasonable manner, *Bell v. Wolfish,* 441 U.S. 520, 561, 99 S.Ct. 1861, 1885–86, 60 L.Ed.2d 447 (1979), a prisoner may not be subjected to malicious searches of his person or intentional harassment. *Hudson,* 468 U.S. at 528, 104 S.Ct. at 3201. Moreover, neither *Hudson* nor *Bell* deprive a prisoner of the right to bodily privacy. The right of privacy also encompasses an interest in shielding one's nakedness from strangers, especially from those of the opposite sex. *York v. Story,* 324 F.2d 450, 455–56 (9th Cir.1963). The Ninth Circuit explicitly recognizes a prisoner's right to bodily privacy. *Sepulveda v. Ramirez,* 967 F.2d 1413, 1415 (9th Cir. 1992).

 Under these standards, Plaintiff has alleged a cognizable claim for relief against Defendant Neil Shaw for violation of Plaintiff's Fourth Amendment right to privacy by his alleged sexual assault of Plaintiff.

### B. *Deliberate Indifference to Safety*

 Prison officials have a duty to take reasonable steps to protect inmates from physical abuse, *Hernandez v. Denton,* 861 F.2d 1421, 1423 (9th Cir.1988), *vacated on other grds,* 493 U.S. 801, 110 S.Ct. 37, 107 L.Ed.2d 7 (1989), and cannot be deliberately indifferent to prisoner's safety needs. A prisoner may state a section 1983 claim against prison officials where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate. *Berg v. Kincheloe,* 794 F.2d 457, 459 (9th Cir.1986).

 Here, Plaintiff has stated a cognizable claim against Defendants John Purdham and David Palmer who allegedly watched, laughed and refused to assist or prevent the alleged sexual assault of Plaintiff in the booking cell.

### C. *Deprivation of Basic Necessities*

 Prison officials must provide all prisoners with the basic necessities of life, i.e., food, clothing, shelter, sanitation, medical care and personal safety. *Hoptowit v. Spellman,* 753 F.2d 779 (9th Cir.1985).

 Plaintiff claims that Sgt. Reagan refused to allow Plaintiff to shower for three days. Plaintiff alleges that she had been sexually assaulted and that the jail personnel knew of the assault. Moreover, Plaintiff alleges that jail personnel allowed other inmates to shower.

Under ordinary circumstances denial of a shower for three days would not be actionable. However, due to the nature of the Plaintiff's allegations and Defendants alleged knowledge of the sexual assault, the denial reaches the level of a cognizable claim in this case.

### D. *Verbal Threats and Harassment*

 Allegations of harassment, embarrassment, and defamation are not cognizable under section 1983. *See Oltarzewski v.*

*Ruggiero,* 830 F.2d 136, 139 (9th Cir.1987) (mere verbal harassment or abuse is insufficient to state a constitutional deprivation under section 1983). Accordingly, Plaintiff cannot state a cognizable claim against Defendant Schaffer for verbal threats and the Court accordingly DISMISSES that claim with prejudice.

### E. *Excessive Force*

■ Prison beatings which shock the conscience are actionable under section 1983. *Gaut v. Sunn,* 810 F.2d 923, 924 (9th Cir. 1987); *accord Hudson v. McMillian,* — U.S. —, —, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992) ("[W]henever prison officials stand accused of using excessive physical force," the core judicial inquiry should be "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.").

■ Here again, Plaintiff states a cognizable claim for relief against Sgt. Reagan for the alleged hog-tying, against Officer Smith for the alleged bashing of Plaintiff's head against the wall and against Officer Schaffer for stomping on Plaintiff's bare feet.

### F. *Retaliation*

■ Retaliation for the exercise of a constitutionally protected right is in itself a violation of constitutional rights. *See Rizzo v. Dawson,* 778 F.2d 527, 531–32 (9th Cir.1985) (transfer in retaliation for exercise of First Amendment rights states a claim where inmate alleges that official actions were retaliatory and were arbitrary and capricious and therefore, not reasonable exercise of prison authority and did not serve any legitimate correctional goal).

■ Prison officials cannot retaliate for the exercise of a constitutionally protected right even if the same act which constitutes the retaliation for a different reason would be proper. *Vaughn v. Trotter,* 516 F.Supp. 886, 894 (M.D.Tenn.1980) (citing *Mt. Healthy City Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)). Even where one has no entitlement to a benefit, one cannot be deprived of it in retaliation for the exercise of constitutional rights. *Perry v. Sindermann,* 408 U.S. 593, 597, 92 S.Ct. 2694, 2697–98, 33 L.Ed.2d 570 (1972). Deliberate retaliation by state actors against an individual's exercise of the right to seek redress is precisely the sort of oppression that section 1983 intends to remedy.

■ Plaintiff states a cognizable claim of retaliation against Defendant Sgt. Reagan because Reagan allegedly denied Plaintiff a shower after Plaintiff reported to a woman's crisis center that a police officer allegedly sexually assaulted her while she was in jail. Plaintiff also states a cognizable claim of retaliation against Deputy Schaffer who allegedly stomped on her bare feet with police boots in response to Plaintiff's assertion that she would be filing a complaint against Schaffer in the United States District Court.

## IV. CONCLUSION

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED.

2. Plaintiff's deprivation of personal property claim and denial of access to the law library claim are DISMISSED with prejudice.

3. Monterey County and the Sheriff's Department are DISMISSED with prejudice from this action.

4. Plaintiff has stated a cognizable claim for violation of her Fourth Amendment right to privacy against Defendant Neil Shaw.

5. Plaintiff has stated cognizable claims under the Fourteenth Amendment 1) against Purdham and Palmer for deliberate indifference to safety; 2) against Reagan for denial of basic necessities, use of excessive force and retaliation; and 3) against Smith for use of excessive force.

6. Plaintiff has stated cognizable claims for violation of the Eighth Amendment against Defendant Schaffer for use of excessive force and retaliation.

7. The Clerk of Court will IMMEDIATELY issue summons and the United States shall serve, without prepayment of fees, a copy of the November 19, 1993 Order and this Order upon Defendants Fiola, Lizarraga, Dalton, Shaw, Purdham, Palmer, Reagan,

Smith and Schaffer. The Clerk will also serve a copy of this Order on Plaintiff.

8. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than June 10, 1994, Defendants must file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the Court prior to the date their summary judgment motions are due. All papers filed with the Court must promptly be served on Plaintiff.

b. Plaintiff's opposition to the dispositive motion must be filed with the Court and served upon Defendant no later than August 5, 1994. Plaintiff should read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because she bears the burden of proving her allegations in this case, she must be prepared to produce *evidence* in support of those allegations when she files her opposition to Defendant's motion for summary judgment. Such evidence may include affidavits from witnesses to the incident. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of her complaint.

c. Defendants may file a reply to Plaintiff's opposition but they must do so no later than August 26, 1994.

d. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

9. All communications by Plaintiff with the Court must be served on Defendants or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.