37 F.3d 1508
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Oscar WILLIAMS, Plaintiff-Appellant,
v.
P. LOPEZ, Defendant-Appellee.
 No. 94-15150.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 27, 1994.
 
 Before: SNEED, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oscar Williams, a California state prisoner, appeals pro se the district court's summary judgment in favor of correctional officer P. Lopez in Williams' 42 U.S.C. Sec. 1983 action. Williams contends that Lopez violated his Eighth Amendment rights during a random search of his locker by confiscating prescribed medication and making remarks which placed his life in danger. Williams also contends that Lopez violated his First Amendment rights during the search by confiscating certificates of completion for a Bible study course and related material. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review the district court's summary judgment de novo, McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), and affirm.
 
 
 3
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); McGuckin, 974 F.2d at 1059. The party opposing summary judgment cannot rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue for trial. Leer v. Murphy, 844 F.2d 628, 631 (9th Cir.1988). Moreover, to defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 A. Confiscation of Prescribed Medicine
 
 4
 To establish a violation of the Eighth Amendment, a prisoner must show that defendant was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin, 974 F.2d at 1059. A prison official's intentional interference with the prescribed medical treatment of a prisoner may constitute such deliberate indifference. Estelle, 429 U.S. at 104-05.
 
 
 5
 Due to security concerns at Williams' prison, regulations require prisoners to maintain prescribed medication in plastic bags issued to prisoners along with the medication. Inmates are not permitted to keep medicine beyond the expiration date of the prescription, and medicine kept beyond the expiration date is considered contraband. Williams had been prescribed medicine for treatment of minor hypertension. He alleged that Lopez placed his life in danger by confiscating his medication and causing him stress.
 
 
 6
 In an affidavit supporting her motion for summary judgment, Lopez stated that she confiscated only expired medicine from Williams locker and left current medication. In his objection to the summary judgment motion, Williams conceeded that the seized medication was contained in a bag with an expired prescription date. Therefore, under prison regulations, which are not challenged by Williams, the seized medicine was contraband and properly subject to seizure. We note that any unexpired medicine contained in the seized bag also was contraband because its presence in the bag with the expired date would mean that it had been improperly transferred to that bag from the one initially issued to Williams as the proper container for it.
 
 
 7
 In short, Williams failed to substantiate that any current medication was improperly confiscated. Moreover, he did not present any evidence showing that his health was jeopardized by the confiscation of expired medication. His medical records show no reports of resulting illness, and no request for new medication for more than a month after the date on which the expired medication had been confiscated. Because Williams failed to present any evidence showing that Lopez acted with deliberate indifference when she confiscated the expired medication, the district court properly granted summary judgment for Lopez on this issue. See Celotex, 477 U.S. at 322.
 
 B. Remark About Williams
 
 8
 A prisoner may establish a 42 U.S.C. Sec. 1983 claim under the Eighth and Fourteenth Amendments against prison officials who acted with deliberate indifference to the threat of serious harm or injury by another prisoner. Leer, 844 F.2d at 633.; Berg v. Kincheloe, 794 F.2d 457, 460 (9th Cir.1986). "A mere threat" of future bodily harm to a prisoner, however, may not provide a basis for a cognizable 42 U.S.C. Sec. 1983 claim. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987). Nor does verbal abuse by a prison official amount to a constitutional violation. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987).
 
 
 9
 Williams alleged that Lopez remarked "Oh! You like children do you?", when Lopez saw a picture of Williams' family in his locker. Williams, who is serving a sentence for committing lewd and lascivious acts with a child, further alleged that the remark "would have had the effect of placing [him] in extreme danger" if those present when the remark was made had known of his crime. Assuming, for the sake of argument, that Lopez made the remark, Williams failed to allege that it subjected him to the threat of serious harm. See Gaut, 810 F.2d at 925. In addition, in response to the motion for summary judgment, Williams failed to present evidence that the remark was heard by other prisoners or that they would seek to injure him. At most, the remark can only be regarded as verbal abuse and, as such, is not actionable. See Oltarzewski, 830 F.2d at 139.
 
 
 10
 C. Confiscation of Certificates and Other Material
 
 
 11
 Prisoners retain protections afforded by the First Amendment including its directive that no law shall prohibit the free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). Prison officials violate the First Amendment when they deny prisoners reasonable opportunities to exercise their religious freedom. See Cruz v. Beto, 405 U.S. 319, 322 (1972).
 
 
 12
 Williams alleged that Lopez confiscated certificates of completion for a Bible study course and unspecified "related material" and that his religious practices were affected as a result. In her affidavit supporting her motion for summary judgment, Lopez stated that she confiscated excessive papers which had been copied on prison copy machines, and magazine pictures that could be used as tattoo patterns and were considered contraband. The papers and pictures were seized pursuant to a prison policy directed at both reducing fire hazards and facilitating cell searches for contraband.
 
 
 13
 Williams admitted that the prison chaplain replaced the certificates. He did not state how their temporary absence affected his religious practices and failed to present any evidence to substantiate his claim. Accordingly, the district court properly granted summary judgment for Lopez on this issue. See Leer, 844 F.2d at 633-34.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3