50 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Toney A. JOHNSON, Plaintiff-Appellant,
v.
James GOMEZ, Director; et al., Defendants-Appellees.
 No. 94-16845.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 9, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Toney A. Johnson appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 claim as frivolous under 28 U.S.C. Sec. 1915(d). We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review for abuse of discretion a district court's dismissal of an action pursuant to section 1915(d). Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Section 1915(d) authorizes a district court to dismiss sua sponte an in forma pauperis complaint before service of process if the court is satisfied that the action is frivolous. Id. at 1733. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (distinguishing section 1915(d)'s standard from the failure to state a claim standard of Fed.R.Civ.P. 12(b)(6)).
 
 
 4
 In his amended complaint, Johnson, who is an inmate at California State Prison in Sacramento, alleged that Correctional Officer Hutcheson opened Johnson's cell door, told him to "take down that fucking sheet or I'll take it down myself," and refused to release him for his job assignment. Later that morning, according to the complaint, Hutcheson called Johnson a "stupid motherfucker" and pointed a rifle at him.
 
 
 5
 We agree with the district court that Johnson's claim lacks an arguable basis in law. Verbal harassment or abuse of a prisoner is insufficient to state a constitutional deprivation under Sec. 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987). The allegation that Hutcheson pointed a rifle at him also does not rise to the level of a constitutional violation. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987) (per curiam) (distinguishing a prison beating, which is actionable, from a threat, which is not).
 
 
 6
 Accordingly, the district court did not abuse its discretion by dismissing Johnson's action. See Denton, 112 S.Ct. at 1734.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Prior to ruling on Johnson's claim against Hutcheson, the district court dismissed Johnson's claim against Correctional Officer Taylor for failure to state a claim. Johnson does not discuss this ruling in his opening brief; accordingly, we do not address it