Kenneth GAUT, Plaintiff-Appellant,

v.

**Franklin SUNN, Director of Social Services and Housing, et al., Defendants-Appellees.**

No. 83–2320.

United States Court of Appeals, Ninth Circuit.

Argued Aug. 6, 1984.

Submitted April 8, 1986.

Decided Feb. 20, 1987.

924

Christopher Laurence Chamness, Claremont, California, for plaintiff-appellant.

James H. Danneberg, Deputy Atty. Gen., Honolulu, Hawaii, for defendants-appellees.

Before JAMES R. BROWNING, Chief Judge, JOSEPH T. SNEED and CHARLES E. WIGGINS,[1] Circuit Judges.

PER CURIAM:

Gaut, a Hawaii state prisoner, appeals from the dismissal of his second amended complaint for failure to state a claim upon which relief can be granted. We affirm in part and reverse in part.

Gaut brought an action against state prison guards under 42 U.S.C. § 1983 (1982) for deprivation of liberty without due process of law through beatings allegedly inflicted upon him by the guards, and for denial of access to the courts through threats allegedly made by the guards. Gaut also alleged cruel and unusual punishment, a denial of medical care subsequent to the beatings, and vicarious liability on the part of prison administrators. Gaut has failed to argue that the dismissal of these latter causes of action was error and we do not address them.

I

Prison beatings which "shock the conscience" are actionable under section 1983. *Meredith v. Arizona*, 523 F.2d 481, 483 (9th Cir.1975). In *Meredith* we quoted and adopted the following standard from *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973):

> In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

We take the allegations of Gaut's second amended complaint as true. *North Star International v. Arizona Corporation Commission*, 720 F.2d 578, 580 (9th Cir.1983). Gaut alleges he was severely

---

1. Judge Ben C. Duniway, a member of the original panel, died pending the disposition of a Petition for Rehearing and a Suggestion for a Rehearing En Banc. Judge Wiggins was appointed in his place, pursuant to General Order 3.2(g).

beaten, kicked, choked, and thrown against a wall by several guards when he shuffled his feet during a prison "shakedown," and was beaten again while handcuffed after he was taken to a holding unit. The complaint alleges the type of intentional, unjustified, unprovoked, and brutal conduct we have found to constitute a section 1983 claim in previous cases. *See Rutherford v. City of Berkeley,* 780 F.2d 1444, 1446–47 (9th Cir.1986); *Meredith,* 523 F.2d at 484; *Gregory v. Thompson,* 500 F.2d 59, 61–62 (9th Cir.1974); *Allison v. Wilson,* 434 F.2d 646, 647 (9th Cir.1970) (per curiam); *Allison v. California Adult Authority,* 419 F.2d 822, 823 (9th Cir.1969); *Wiltsie v. California Department of Corrections,* 406 F.2d 515, 516–17 (9th Cir.1968).

The dismissal of Gaut's causes of action based upon the physical beatings he allegedly sustained must therefore be reversed.

## II

■ Gaut also alleged he was "threatened with bodily harm" by the defendants "to convince him to refrain from pursuing legal redress" for the beatings. This allegation fails to state a cause of action under section 1983.

A mere threat may not state a cause of action under Hawaii law [2] and it trivializes the eighth amendment to believe a threat constitutes a constitutional wrong. The fact that the complaint alleges the threat to be for the purpose of denying Gaut access to the courts does not compel a contrary result. The Supreme Court has recognized access to the courts to be constitutionally protected. *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Here, however, we have a mere naked threat.

We find no case that squarely holds a threat to do an act prohibited by the Constitution is equivalent to doing the act itself. Under the circumstances of this case, we

are not prepared to create an exception to this pattern.

The judgment dismissing the count based upon the threat to Gaut is AFFIRMED.

2. *See* Hawaii Rev.Stat. § 707–715 commentary (1976). It is also doubtful that a mere threat of bodily harm amounts to the misdemeanor of "terroristic threatening," the likely source of a civil tort, that is proscribed in Hawaii Rev.Stat.

§ 707–715 (Supp.1982) (requiring psychological trauma to recover for the intentional infliction of such injury (quoting Hawaii Rev.Stat. § 707–725 commentary (1976)).