883 F.2d 76
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William WASHINGTON, Sr., Plaintiff-Appellant,
v.
R.U.O. 875 WEBSTER, Sgt. Towers, Defendants-Appellees.
 No. 89-1142.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1989.
 
 1
 Before KEITH and RALPH B. GUY, Jr., Circuit Judges, and THOMAS G. HULL, Chief District Judge.*
 
 ORDER
 
 2
 This pro se Michigan prisoner requests the appointment of counsel in his appeal from the district court's summary judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 William Washington, Sr., claimed that defendants Webster and Towers, corrections officers, violated his constitutional rights when they conducted a strip search of Washington and a shake down of his locker. Washington sought a preliminary injunction, a declaratory judgment, and compensatory relief.
 
 
 4
 In a supplemental pleading Washington alleged that after he filed the complaint, defendant Towers retaliated by further depriving him of protected rights.
 
 
 5
 The matter was referred to the magistrate who recommended that defendants' motion for summary judgment, which only addressed claims in the original complaint, should be granted, that Washington's motion for preliminary injunctive relief should be denied, and that Webster should be dismissed as a defendant. No objections were filed. The district court adopted the magistrate's recommendations.
 
 
 6
 Defendant Towers filed a second motion for summary judgment seeking to dismiss the supplemental claims of retaliation. Washington responded by filing a motion to compel discovery which was denied. The magistrate recommended that defendant's motion for summary judgment should be granted. Upon review in light of Washington's objections, the district court granted summary judgment in favor of defendant Towers.
 
 
 7
 Upon review we conclude that summary judgment was proper, and that the district court did not abuse its discretion by ruling on the motion for summary judgment before Washington concluded his discovery.
 
 
 8
 First, it is noted that the only issues before the court concern Washington's supplemental pleading. Washington waived his right to appeal other matters because he did not object to the magistrate's earlier recommendations. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981).
 
 
 9
 Second, summary judgment was proper because no genuine issue of material fact exists and defendant is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Shavrnoch v. Clark Oil & Refining Corp., 726 F.2d 291 (6th Cir.1984). The essential facts are not in dispute. Washington alleged six retaliatory actions by Towers between March 26 and May 11, 1987. Additionally, Washington alleged that defendant continuously harassed Washington's wife when she visited. The complaint was filed on April 22; Towers was served on May 28. Accepting Washington's assertion that defendant "knew" about the lawsuit before May 28, the only conceivably "retaliatory" activities would be a verbal threat on May 11 and the harassment of Washington's wife.
 
 
 10
 Defendant was entitled to judgment as a matter of law because Washington's allegations failed to state a cognizable claim. The threat to do harm in order to interfere with plaintiff's constitutional rights does not in itself give rise to a constitutional violation. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987). A search of visitors is within the discretionary powers of prison officials. See Evans v. Johnson, 808 F.2d 1427, 1428 (11th Cir.1987).
 
 
 11
 Finally, the district court did not abuse its discretion by granting summary judgment before Washington completed discovery. See Emmons v. McLaughlin, 874 F.2d 351 (6th Cir.1989). Washington proposed to discover matters concerning the allegedly unlawful search he sought to redress in his first complaint. Because these claims were no longer before the court, they were not material to the claim of retaliation.
 
 
 12
 Accordingly, the request for appointed counsel is hereby denied; the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation