980 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jessie D. CLARK, Plaintiff-Appellant,
v.
James ROWLAND, et al., Defendants-Appellees.
 Nos. 91-16635, 92-15587.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 9, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In appeal no. 91-16635, Jessie D. Clark, a California state prisoner, appeals pro se the denial of his motion for a preliminary injunction in his 42 U.S.C. § 1983 civil rights action against prison officials. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm. We dismiss appeal no. 92-15587 for lack of jurisdiction.
 
 
 3
 We review the denial of a preliminary injunction for an abuse of discretion. Western Sys., Inc. v. Ulloa, 958 F.2d 864, 867 (9th Cir.1992). "A party seeking a preliminary injunction must demonstrate either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips in [his] favor." Hunt v. National Broadcasting Co., 872 F.2d 289, 292 (9th Cir.1989).
 
 
 4
 Clark sought an order preliminarily enjoining the defendants from harassing him and retaliating against him for filing this action. He alleged that the defendants had aimed a weapon at him, delayed cell releases for visiting periods, and stopped his participation in an inmate committee. Clark also sought to enjoin the defendants from subjecting him to insufficient cell ventilation and opening his legal mail outside his presence.
 
 
 5
 The district court properly found that significant irreparable injury would not result from such actions as delaying Clark's attendance at visits or discontinuing his participation in the inmate committee. See Hunt, 872 F.2d at 292. Moreover, the aiming of the weapon at Clark did not rise to the level of a constitutional violation. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987) (per curiam) (mere threat does not violate eighth amendment). Accordingly, the district court did not err by denying a preliminary injunction against harassment and retaliation.
 
 
 6
 The district court also properly denied a preliminary injunction against insufficient ventilation because Clark's allegations regarding headaches did not establish a significant threat of irreparable injury. See Hunt, 872 F.2d at 292.
 
 
 7
 Finally, Clark did not establish that a serious question exists regarding the opening of his legal mail because a claim of denial of access to the courts must involve an actual injury or a specific instance in which the plaintiff was actually denied access to a court. See Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). We therefore affirm the denial of a preliminary injunction.
 
 
 8
 In appeal no. 92-15587, Clark appeals the district court's order setting aside a default judgment against certain defendants. We do not have jurisdiction to consider this appeal because the district court's order is not final and appealable. See Bird v. Reese, 875 F.2d 256, 256 (9th Cir.1989) (order dismissing appeal) (denial of motion for default judgment not appealable). Accordingly, we dismiss appeal no. 92-15587.
 
 
 9
 In appeal no. 91-16635, we AFFIRM the district court's order. Appeal no. 92-15587 is DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3