9 F.3d 1551
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas Edward GREEN, Plaintiff-Appellant,
v.
Mr. ELIAS, Correctional Service Officer, et al., Defendants-Appellees.
 No. 93-15733.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 26, 1993.
 
 Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Douglas Edward Green appeals pro se the district court's summary judgment in favor of prison officials in Green's action pursuant to 42 U.S.C. § 1983. Green claims four employees of the Arizona Department of Corrections violated his civil rights by grabbing his groin during a routine pat down search, being deliberately indifferent to his medical needs, and verbally abusing him. This court has jurisdiction pursuant to 28 U.S.C. § 1291. We review the summary judgment de novo, Hope v. International Brotherhood of Elec. Workers, 785 F.2d 826, 828-29 (9th Cir.), cert. dismissed, 478 U.S. 1039 (1986), and we affirm.
 
 PAT DOWN SEARCH
 
 3
 Green contends that prison guard Rene Elias's pat search of his genital area was a retaliatory sexual assault that violated his eighth amendment right to be free of cruel and unusual punishment. To determine whether a prison search is reasonable a court must balance the prison's security and penological concerns against the prisoner's right to be free from unreasonable searches, by considering four factors: (1) the scope of the intrusion; (2) the manner in which the search is conducted; (3) the justification for initiating the search; and (4) the place in which the search is conducted. Bell v. Wolfish, 441 U.S. 520, 545 (1979). To establish an infringement of his constitutional rights based on retaliation, a prisoner must allege that the "prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985).
 
 
 4
 Green fails to establish that prison officials violated his eighth amendment rights. The scope and manner of Green's search was reasonable. Green was searched as part of a random pat down search of inmates leaving the cell block dining hall. The pat down search was conducted while Green was fully clothed and did not involve unusual force according to the testimony of prison guard Elias. Additionally, the search was justified by the prison's need to insure that no contraband left the dining area. See Bell, 441 U.S. at 548. Because the pat down search advanced a legitimate goal of the prison, any alleged retaliatory motive fails to give rise to a civil rights violation. See Rizzo, 778 F.2d at 532. Accordingly, the district court did not err in finding no constitutional violation arising from the pat search of Green. See Bell, 441 U.S. at 548.
 
 DELIBERATE INDIFFERENCE TO MEDICAL NEEDS
 
 5
 Prison employees violate the eighth amendment if they are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). The indifference must be substantial and not merely malpractice or even gross negligence. Id. A difference of opinion between an inmate and prison medical personnel regarding adequate medical care does not suffice to establish an eighth amendment claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). A prisoner must show that prison officials purposefully ignored or failed to respond to his pain or medical needs. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). An individual prison official will deprive a prisoner of a constitutional right within the meaning of section 1983 only if the official's actions or omissions "cause" the deprivation. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) ("the inquiry into causation must be individualized and focus on the/duties and responsibilities of each individual defendant").
 
 
 6
 Green alleges that prison health administrator Rod Norrish was deliberately indifferent to his medical needs. Norrish, however, did not examine Green nor was he aware of his complaints, see McGuckin, 974 F.2d at 1059, and therefore, he did not participate in or cause any alleged civil rights violation and was not deliberately indifferent to Green's medical needs. See Leer, 844 F.2d at 633. Furthermore, prison medical officials investigated Green's complaint of a groin injury and concluded that there was no physical problem. Accordingly, Green's claim of deliberate indifference is wholly without merit. See id.
 
 OTHER ISSUES
 
 7
 Green's allegation that Deputy Warden Avenenti was grossly negligent in investigating his grievance fails to state a claim under 42 U.S.C. § 1983, because Green does not explain how this conduct deprived him of a constitutional right. See Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970). Also, Green's claim that a prison worker verbally harassed him does not state grounds for relief under section 1983. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987). Finally, Green's request for attorney's fees pursuant to 42 U.S.C. § 1988 is denied.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3