39 F.3d 1177
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Andrew Frank KARACSONYI, Plaintiff-Appellant,
v.
Mr. MASSENBURG, Federal Bureau of Prisons Employee, Inmate
Counselor, Defendant-Appellee.
 No. 93-7068.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 17, 1994.
Decided Nov. 14, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Charles K. McCotter, Jr., Magistrate Judge. (CA-93-2).
 Andrew Frank Karacsonyi, appellant Pro Se.
 Barbara Dickerson Kocher, Office of the United States Attorney, Raleigh, NC, for appellee.
 E.D.N.C.
 AFFIRMED.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Andrew F. Karacsonyi, a federal prison inmate, was confined at FCI Butner from May 29, 1991, to July 19, 1991. He had been convicted of interstate transportation of explosive materials, in violation of 18 U.S.C.A. Sec. 842 (West 1976), and was sent to Butner for a psychological exam prior to sentencing, pursuant to 18 U.S.C.A. Sec. 4244(b) (West 1985). Karacsonyi filed this Bivens[1] action against C.A. Massenburg, a correctional counselor at Butner, alleging that Massenburg threatened him with continued confinement at Butner in order to force Karacsonyi to sign a paper that his grievances had been resolved. In addition, he contends that his mail was opened and delayed, and that Massenburg approached him "a couple of times" regarding something in an outgoing letter. Karacsonyi seeks $120,000 in damages and Massenburg's dismissal from federal employment.
 
 
 2
 The magistrate judge[2] dismissed Karacsonyi's first claim on the ground that a mere threat does not state a constitutional violation. We affirm. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987). The magistrate judge ultimately granted summary judgment on the mail claim, holding that, while Karacsonyi was a pretrial detainee under the relevant regulations, his status was not so clearly established that a reasonable person in Massenburg's position would have known that Karacsonyi was entitled to send sealed mail as a pretrial detainee. The magistrate judge held that this ambiguity entitled Massenburg to qualified immunity. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).
 
 
 3
 While we agree with the magistrate judge that Karacsonyi was a pretrial detainee under the relevant regulations, we conclude that this status was clearly set forth in the regulations. However, the magistrate judge's grant of summary judgment must be affirmed, as Karacsonyi has failed to state a cognizable claim against Massenburg. Karacsonyi filed his grievance regarding mail tampering by Boggs, a case counselor, on July 15, four days before he left Butner. Massenburg responded to the grievance, explaining that pretrial detainees must hand-deliver their outgoing mail to a member of their team, who stamps the envelope with a special notice, initials the envelope, and delivers it to the mail room.[3] Karacsonyi nowhere alleges that he followed this procedure or challenges it as an unconstitutional implementation of the applicable regulations. We do not perceive it to be so, as the regulation is reasonably related to the legitimate penological goal of ensuring that only pretrial detainees may send sealed mail. See Thornburgh v. Abbott, 490 U.S. 401, 409 (1989).
 
 
 4
 We affirm the judgment on this ground. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)
 
 
 [2]
 Both parties consented to proceed before the magistrate judge. 28 U.S.C.A. Sec. 636(c) (West 1993)
 
 
 [3]
 This practice is set forth in Butner Program Statement 5265.8(C)