Ira **FONTENOT**

v.

**Randy McLEOD, et al.**

**No. 1:93–CV–626.**

United States District Court,
E.D. Texas,
Beaumont Division.

June 6, 1995.

Ira Fontenot, pro se.

Mark Kosanovich, Asst. Atty. Gen., Austin, TX, for defendants.

## MEMORANDUM AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND OVERRULING PLAINTIFF'S OBJECTIONS

JOE J. FISHER, District Judge.

Ira Fontenot, plaintiff, sues Leslie Wages, Kevin Swift, and Stephen Lawrence, officers of the Texas Department of Criminal Justice—Institutional Division, Stiles Unit, where plaintiff is incarcerated. Suit is brought pursuant to 42 U.S.C. § 1983 and plaintiff alleges defendants have harassed him.

The above was referred to United States Magistrate Judge Earl S. Hines pursuant to Title 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for disposition on the case. The magistrate judge has submitted a report recommending that defendants' motion to dismiss be granted.

This court has engaged in a *de novo* review of the plaintiff's correspondence, which are construed in this memorandum as objections, the Magistrate Judge's report, the record, pleadings, and all other available evidence. For reasons expressed herein, the Magistrate Judge's recommendation that defendants' motion be granted is adopted and plaintiff's objections are overruled.

### I. Background and the Magistrate Judge's Report

Plaintiff claims defendants subjected him to continual harassment based on personal animosity. He alleges Captain Wages denied him due process by failing to personally call witnesses at plaintiff's disciplinary hearing, despite the submission of written statements from these witnesses.

On April 11, 1995, the magistrate judge submitted a report recommending the defendants' motion to dismiss be granted. The magistrate judge reasoned that plaintiff had not alleged a protected constitutional right from which defendants retaliation stemmed, and therefore, defendants Swift and Lawrence were entitled to qualified immunity. In addition, the magistrate judge recommended qualified immunity likewise applied to Captain Wages, because prison officials have the discretion to permit or disallow live witnesses at disciplinary hearings.

### II. Objections

Plaintiff has filed two motions for extension of time to file objections in this case. The first was granted by the magistrate judge, citing plaintiff's confinement to administrative segregation and his inability to participate in use of the law library. The second was denied, finding no good reason for extension, given that plaintiff had been in possession of the report for over a month.

On April 10, 1995, plaintiff sent correspondence to the magistrate judge asking that he be transferred off the Stiles Unit. In the interest of fairness, this letter will be construed as objections to the report, and plaintiff's right to *de novo* review by the district judge is deemed unwaived.

Plaintiff generally objects to magistrate judge's report and states he has been the continuing subject of threats and harassment

by various officers at the prison. He cites another "frivolous case" brought against him by another officer, not a defendant, and asks that he be transferred from the unit, because he fears violence.

### III. Discussion

██ Because plaintiff does not claim he has been the subject of threats due to the exercise of a constitutionally protected right, all defendants are entitled to qualified immunity. See *Doe v. Taylor Independent School District,* 15 F.3d 443 (5th Cir.1994); *Rankin v. Klevenhagen,* 5 F.3d 103 (5th Cir.1993); *Chrissy F. v. Mississippi Department of Public Welfare,* 925 F.2d 844, 848 (5th Cir. 1991). The Fifth Circuit has not held live witnesses must be called to prison disciplinary hearings in all circumstances. *See Ponte v. Real,* 471 U.S. 491, 105 S.Ct. 2192, 85 L.Ed.2d 553 (1985) (prison officials have discretion to determine when live witnesses necessary). In this case, plaintiff provided written statements of his witnesses, and admitted there was nothing more they could have added to the proceedings by their presence. Therefore, no clearly established right was violated by refusal of their attendance.

██ As for plaintiff's concerns regarding threats, verbal threats are not cognizable under section 1983 unless premised on a protected interest. *Gaut v. Sunn,* 810 F.2d 923, 925 (5th Cir.1987). Plaintiff has claimed these threats are based on personal animosity. It is

ORDERED that the magistrate judge's report is ADOPTED, plaintiff's objections are OVERRULED, and the defendants motion to dismiss is granted. A final judgment consistent with this order shall be issued.