85 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kevin B. DICKINSON, Plaintiff-Appellant,
v.
George HERMAN, Deputy Warden, Kaibab Prison Unit; Steve
Matthews, CSO, Kaibab Prison; Guadelupe Hackenbracht, Sgt.,
Kaibab Prison; Sylvia Breakey, Medical Provider, Winslow
Prison Compkex, Defendants-Appellees.
 No. 95-15679.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 23, 1996.*
Decided Jan. 25, 1996.
 
 Before: ALARCON, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kevin B. Dickinson appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging denial of due process in violation of the Fourteenth Amendment, infringement of his free exercise of religion in violation of the First Amendment, and deliberate indifference to his medical needs in violation of the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.
 
 
 3
 We review a grant of summary judgment de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). We "must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact, and whether the district court correctly applied the relevant substantive law." See id. (citation omitted).
 
 A. Due Process Claim
 
 4
 Dickinson contends that the district court erred by granting summary judgment for defendants on his claim that defendants failed to provide him with due process prior to imposing disciplinary sanctions. This contention has merit.
 
 
 5
 Recently, the Supreme Court altered the test for determining whether a state had created a protected liberty interest which would give rise to the due process guarantees outlined in Wolff v. McDonnell, 418 U.S. 539 (1974). See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). In Sandin, the Supreme Court "abandoned the 'mandatory language/substantive predicate' analysis," Gotcher v. Wood, 66 F.3d 1097, 1100 (9th Cir.1995), and adopted a test which requires courts to determine if the disciplinary sanction in question "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," Sandin, 115 S.Ct. at 2300.
 
 
 6
 Here, Dickinson received a verbal reprimand when he failed to place his identification card in the window of his cell and lost privileges for thirty days because he failed to adhere to prison grooming standards. Through his deposition testimony, Dickinson established a genuine issue of material fact that he had not received "advance written notice" of the charges against him and "a written statement of the factfinders as to the evidence relied upon" in bringing the charges against him as required prior to being deprived of a liberty interest. See Wolff, 418 U.S. at 563.
 
 
 7
 We conclude that the verbal reprimand was not an atypical and significant deprivation giving rise to a protected liberty interest. Cf. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987) (per curiam). Accordingly, the district court did not err by granting summary judgment for defendants on this portion of Dickinson's due process claim. See Sandin, 115 S.Ct. at 2300; Wolff, 418 U.S. at 560-61.
 
 
 8
 With respect to the loss of privileges, however, Dickinson's deposition testimony established that he was not able to use the telephone, exercise yard, or the prison store for thirty days. Because Sandin was decided after the district court entered judgment in this case, the district court did not analyze Dickinson's claim in light of Sandin. Because we cannot determine from the present record whether the loss of privileges imposed an atypical and significant hardship, we reverse the district court's summary judgment on this portion of Dickinson's due process claim and remand so that the district court may apply Sandin in the first instance. See Gotcher, 66 F.3d at 1101 (citing Sandin, 115 S.Ct. at 2300).[1]
 
 B. Free Exercise of Religion Claim
 
 9
 Dickinson contends that the district court erred by granting summary judgment for defendants on his claim that the mandatory tuberculosis ("TB") skin test infringed on the free exercise of his religion in violation of the First Amendment. This contention lacks merit.
 
 
 10
 Here, the district court correctly used the standard set forth in the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb to 2000bb-4 ("RFRA"), to analyze Dickinson's claim. See Malik v. Brown, 71 F.3d 724, 729 (9th Cir.1995); Bryant v. Gomez, 46 F.3d 948, 949 (9th Cir.1995) (per curiam). Under RFRA, if a prison regulation "substantially burden[s]" a prisoner's exercise of religion, then the regulation must serve a "compelling governmental interest" and must be the "least restrictive means of furthering that" interest. See 42 U.S.C. § 2000bb-1.
 
 
 11
 Defendants contend that even if the TB skin test substantially burdens Dickinson's religious expression, they have a compelling interest in preventing the spread of TB among the prison population and no alternative means of furthering this interest. Although the district court did not reach this issue, "[w]e may affirm 'on any basis supported by the record even if the district court did not rely on that basis.' " See United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992) (citation omitted), cert. denied, 113 S.Ct. 1945 (1993).
 
 
 12
 Here, defendants submitted the affidavit of a prison doctor which stated that "[t]he only way to detect and provide an effective anti-tuberculous program is thorough [sic]" the TB skin test. Accordingly, the district court did not err by granting summary judgment for defendants on Dickinson's religious exercise claim.
 
 C. Deliberate Indifference Claim
 
 13
 Dickinson contends that the district court erred by granting summary judgment for defendants on his claim that forcing him to undergo the TB skin test constituted deliberate indifference to serious medical needs in violation of the Eighth Amendment. This contention lacks merit.
 
 
 14
 Prison officials may not be deliberately indifferent to the serious medical needs of prisoners. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). Here, defendants submitted the affidavit of a nurse practitioner which stated that the TB skin test could not infect a person with TB. Dickinson submitted the affidavit of a fellow inmate which stated that the inmate had read a pamphlet which warned that a person could contract TB through the TB skin test. At most, Dickinson has raised a difference of medical opinion regarding the possibility of infection from a TB skin test. Accordingly, the district court did not err by granting summary judgment on Dickinson's Eighth Amendment claim. See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981).
 
 
 15
 Each party shall bear its own costs.
 
 
 16
 AFFIRMED in part, REVERSED in part, and REMANDED.[2]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Insofar as Dickinson's reply to defendants' response to his motion to stay the appeal is a motion for leave to file a late reply brief, the motion is denied. See Fed.R.App.P. 28(c) (stating that filing the reply brief is optional)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Dickinson also contends that the district court erred by granting summary judgment for defendants on his claim that defendants conspired to deny him due process. Because Dickinson only made vague and conclusory allegations in support of his conspiracy claim, the district court did not err by granting summary judgment on this claim. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982)
 
 
 [2]
 Dickinson also contends that the district court erred by denying his motion to consolidate this case with another action alleging that prison officials retaliated against him for filing the present lawsuit. The two cases involved different facts and different defendants. Given the district court's broad discretion to consolidate cases, we conclude that the district court did not err by denying this motion. See Fed.R.Civ.P. 42(a); Investors Research Co. v. United States Dist. Court for the Cent. Dist. of Calif., 877 F.2d 777, 777 (9th Cir.1989) (order denying petition for writ of mandamus)