127 F.3d 1108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Howard Lee VAUGHN, Jr., Plaintiff-Appellant,
v.
M. SMITH; P. Vasconcellos; A. Guerrero, Lt., Defendants-Appellees.
 No. 97-35269.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 27, 1997.
 
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Howard Lee Vaughn, a California state prisoner, appeals pro se the district court's entry of summary judgment for defendants in Vaughn's 42 U.S.C. § 1983 action alleging prison officials denied him access to the courts, violated his procedural due process rights, retaliated against him for filing other lawsuits, and violated his Eighth Amendment rights. We have jurisdiction pursuant to 28 U.S.C. § 1983. We review the district court's entry of summary judgment de novo, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.
 
 
 3
 Vaughn's contention that prison officials denied him access to the courts by seizing some of his legal papers lacks merit because he failed to show any actual injury resulting from the alleged confiscation. See Lewis v. Casey, 116 S.Ct. 2174, 2178-80 (1996).
 
 
 4
 Vaughn contends that defendant Smith retaliated against him for seeking redress in the courts by ordering defendant Vasconcellos to issue a rules violation report to plaintiff, resulting in a loss of thirty days good time credit. Vaughn also contends that his procedural due process rights were violated when he was assessed thirty days loss of credits for having personal legal materials in his work area. Because these claims implicate the duration of his confinement, his sole remedy is a writ of habeas corpus. See Trimble v. City of Santa Ana, 49 F.3d 583, 586 (9th Cir.1995).
 
 
 5
 Vaughn contends defendant Smith violated his Eighth Amendment rights when he made racist remarks to Vaughn and threatened his life. This contention lacks merit because verbal threats, including threats of bodily harm, do not arise to the level of an Eighth Amendment Violation. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987) (per curiam)
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal