Geary Wayne **WALTON,**
Plaintiff–Appellant,

v.

Frank **TERRY,** Cook Unit Deputy Warden, et al., Defendants–Appellees.

No. 01–15708.

D.C. No. CV–98–01183–EHC.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002.*

Decided Feb. 21, 2002.

---

* This panel unanimously finds this case suit-

Before B. FLETCHER, T.G. NELSON, and TALLMAN, Circuit Judges.

### MEMORANDUM**

Geary Wayne Walton, an Arizona state prisoner, appeals pro se the district court's partial dismissal and partial summary judgment for defendants in his 42 U.S.C.

§ 1983 action alleging violation of his First, Eighth and Fourteenth Amendment rights and retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim as well as its grant of summary judgment. *See Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam). We affirm.

■ Because prison officials' temporary disruption of Walton's correspondence with his incarcerated daughter was reasonably related to the legitimate penological objective of preventing coordinated criminal activities, the district court properly granted summary judgment on Walton's First Amendment claim. *See Turner v. Safley*, 482 U.S. 78, 88–89, 92, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) (prison officials had a legitimate penological objective in prohibiting communication between inmates where the prohibition was legitimately intended to prevent coordinated criminal activity).

Walton failed to raise a triable issue regarding whether prison officials were motivated by a legitimate penological interest by requiring him to shave. *See Barnett*, 31 F.3d at 816. Moreover, Walton failed to produced evidence that his brief placement in lockdown constituted an atypical and significant hardship. *See Sandin v. Conner*, 515 U.S. 472, 483–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Accordingly, the district court properly granted summary judgment on Walton's retaliation claim.

■ Finally, the district court properly dismissed Walton's Eighth Amendment claim that prison officials threatened him, because verbal threats do not constitute

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

cruel and unusual punishment. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir.1987) (stating that it trivializes the Eighth Amendment to believe a threat constitutes a constitutional wrong.).

Walton's remaining contentions lack merit.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.