Richard P. LORITZ, II, Plaintiff—
Appellant,

v.

Paul J. PFINGST, District Attorney;
et al., Defendants—Appellees,

California Department of Corrections,
Real Party in Interest, Real-party-
in-interest—Appellee.

No. 03–55676.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 20, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Richard P. Loritz, II, pro se, Soledad, CA, for Plaintiff–Appellant.

Morris G. Hill, Esq., Office of the County Counsel, San Diego, CA, Richard F. Wolfe, Esq., AGCA—Office of the California Attorney General, San Diego, CA, for Defendants–Appellees.

Before: BEEZER, HALL, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Richard P. Loritz, II, a California state prisoner proceeding *pro se,* appeals the district court's dismissal of his 42 U.S.C. § 1983 action. We have jurisdiction pursuant 28 U.S.C. § 1291. We review *de novo, Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and affirm the court's dismissal.[1]

■ The district court properly dismissed Loritz's claims that Paul Pfingst and Gregory Thompson conspired to commit various constitutional violations because Loritz supports the essential elements of his claim with only vague and conclusory allegations. *See Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir.1982).

■ The district court also properly dismissed Loritz's claims against defendant K. Plummer for failure to state a claim. First, Loritz failed to allege that his efforts to prove his innocence and misconduct by the district attorney played a "substantial" or "motivating" factor in Plummer's alleged threats to plant drugs on him as required to sustain a First Amendment claim. *See Soranno's Gasco, Inc. v. Morgan,* 874 F.2d 1310, 1314 (9th Cir.1989). Second, Loritz's Fourth and Eight Amendment claims fail because strip searches serve a legitimate penological interest whenever a prisoner has had an opportunity to obtain contraband, such as after receiving a visitor. *See Michenfelder v. Sumner,* 860 F.2d 328, 332–33 (9th Cir. 1988). Moreover, a mere threat to do an unconstitutional act does not create a constitutional wrong. *Gaut v. Sunn,* 810 F.2d 923, 925 (9th Cir.1987). A deprivation of "peace of mind" similarly does not support a constitutional claim. *Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir.1996). Finally, a prisoner may not bring a civil action for emotional or mental injury that he suffered while in custody without showing a physical injury. 42 U.S.C. § 1997e(e); *Oliver v. Keller,* 289 F.3d 623, 630 (9th Cir. 2002). The district court thus did not err in dismissing Loritz's claim against Plummer.

■ Finally, the district court properly exercised its discretion in denying Loritz's motion to compel discovery because Loritz failed to meet and confer in good faith. *See* Fed.R.Civ.P. 37(a)(2)(A); *United States v. Kitsap Physicians Serv.,* 314 F.3d 995, 1000 (9th Cir.2002).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The district court made additional findings and conclusions, most of which Loritz appeals. Dismissal of Loritz's suit, however, renders these issues moot.