**Demetrius A. WILSON, Plaintiff—Appellant,**

v.

**PIMA COUNTY JAIL; et al., Defendants—Appellees.**

No. 05–16081.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007 *.

Filed Nov. 27, 2007.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Demetrius A. Wilson, Buckeye, AZ, pro se.

Stacey A. Roseberry, Esq., Pima County Attorney's Office, Tucson, AZ, for Defendants–Appellees.

Before: TROTT, W. FLETCHER and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Arizona state prisoner Demetrius A. Wilson appeals pro se from the district court's summary judgment dismissing his 42 U.S.C. § 1983 action alleging jail officials interfered with his religious practices. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissal of a complaint under 28 U.S.C. § 1915A for failure to state a claim, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and a district court's grant of summary judgment, *Morrison v. Hall,* 261 F.3d 896, 900 (9th Cir.2001), and we affirm.

█ The district court properly dismissed Wilson's claim of retaliation by Officer Lamoreaux because Wilson failed to allege in his second amended complaint that Lamoreaux's action did not advance a legitimate penological goal. *See Rhodes v. Robinson,* 408 F.3d 559, 567 (9th Cir.2005) (indicating elements of First Amendment retaliation claim are not satisfied when there is a legitimate correctional goal for action taken).

█ The district court properly dismissed Wilson's claims that he was threatened and verbally abused as insufficient to state a constitutional claim under 42 U.S.C. § 1983. *See Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir.1996) (holding vulgar language directed at an inmate does not violate constitution); *Gaut v. Sunn,* 810 F.2d 923, 925 (9th Cir.1987) (per curiam) (holding a mere naked threat does not constitute a constitutional wrong).

Whether Wilson's excessive force claim as a post-arraignment, pre-trial detainee should be analyzed under the Fourth or Eighth Amendment remains an open question in this circuit. However, the dismissal of Wilson's excessive force claim against Vasquez was proper under either standard. *See Hudson v. McMillian,* 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (holding that not every push or shove violates a prisoner's constitutional rights); *Gibson v. County of Washoe,* 290 F.3d 1175, 1197 (9th Cir.2002) (outlining Fourth Amendment's reasonableness test as applied to pre-trial detainees' excessive force claims against prison staff).

█ The district court properly granted summary judgment with respect to defendant Peru because Wilson did not raise a triable issue as to whether he suffered a sufficiently serious deprivation under section 1983 when Officer Peru took away his lunch. *See Johnson v. Lewis,* 217 F.3d 726, 731 (9th Cir.2000) (affirming requirement of sufficiently serious deprivation as the basis for an Eighth Amendment claim).

█ The district court properly granted summary judgment to defendant Vasquez

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

on the retaliation claim because Wilson did not raise a triable issue as to whether his transfer to administrative segregation advanced the facility's legitimate penological interest in maintaining order and security. *See Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir.1994) (per curiam) (preserving institutional order, discipline, and security are legitimate penological goals).

Wilson's remaining contentions are unpersuasive.

**AFFIRMED.**

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.