MEMORANDUM **
Melvin Ray Brummett, Jr., a California prisoner, appeals pro se from the district court’s summary judgment in his 42 U.S.C. § 1983 action alleging that Shasta County Jail personnel violated his Eight Amendment rights by assigning him an upper bunk and by acting with deliberate indifference to his medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. Toguchi v. Chung, 391 F.3d 1051, 1056 (9th Cir.2004). We affirm.
The district court properly granted summary judgment on Brummett’s failure to protect claim because he failed to allege facts from which a reasonable jury could conclude that defendant Johnson was responsible for assigning the upper bunk, or that defendants Blankenship, Miller, and Teske had actual knowledge that the assignment posed a substantial risk of serious harm. See Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (“[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.”).
The district court properly granted summary judgment on Brummett’s deliberate indifference claim because he failed to raise a genuine issue of material fact as to whether defendants were deliberately indifferent to his medical needs after he fell. See Toguchi, 391 F.3d at 1057 (affirming summary judgment where there was no evidence that the defendant was subjectively aware that her actions created a substantial risk of serious harm); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989) (explaining that a difference of medical opinion concerning treatment does not amount to deliberate indifference). Brum-mett’s claim that defendant Miller was verbally abusive to him fails as a matter of law. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987) (explaining that mere insults do not rise to the level of Eighth Amendment protection).
The district court properly granted summary judgment on Brummett’s negligence claim because Brummett failed to raise a triable issue that defendant Johnson breached any duty owed to Brummett by stepping away from her medical post. See Ileto v. Glock Inc., 349 F.3d 1191 (9th Cir.2003) (“In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages.”). Further, the district court did not err by not considering a negligence claim against the other defendants because Brummett’s operative complaint alleged a cause of action for negligence against Johnson only.
Brummett’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.