FILED

**NOT FOR PUBLICATION**

APR 06 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SARAH BABCOCK, AKA John Babcock, | No. 09-35445 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-05073-FVS |
| v. | |
| HAROLD CLARKE; RUBEN CEDENO; JEFFREY A. UTTECHT; STEPHEN SINCLAIR; S. FLEENOR; C. STERLIN; and HAL SNIVELY, all individually and in their official capacities, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, District Judge, Presiding

Submitted February 2, 2010[**]
San Francisco, California

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ms. Sarah J. Babcock a/k/a John D. Babcock appeals from the district court's grant of summary judgment in favor of the defendants.

We review the district court's grant of summary judgment de novo. Diruzza v. County of Tehama, 323 F.3d 1147, 1152 (9th Cir. 2003). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The facts of this case are known to the parties. We do not repeat them.

**I**

Babcock cannot succeed on his Religious Land Use and Institutionalized Persons Act claim because he cannot establish that the prison's requirements substantially burden the exercise of his religion. See Warsoldier v. Woodford, 418 F.3d 989, 994 (9th Cir. 2005). A burden on the exercise of religion is substantial if it substantially pressures an inmate "to modify his behavior and to violate his [sincerely held religious] beliefs." Shakur v. Schriro, 514 F.3d 878, 888 (9th Cir. 2008). Babcock fails to show how the requirement that he use his committed name in conjunction with his legal name on correspondence and that he be referred to by his committed name by prison staff constitutes a substantial burden on the exercise of his religion.

**II**

Babcock also fails to make a valid Free Exercise Clause claim because "allowing an inmate to use both his religious and committed names 'is a reasonable middle ground between absolute recognition of the plaintiff's [religious name] and the prison interests of order, security and administrative efficiency." See Malik v. Brown, 16 F.3d 330, 334 (9th Cir. 1994). Babcock points to no particular religious observance that requires him to go by the name "Ms. Sarah." Nor does he point to any religion or religious belief that mandated his name change. Nor does he demonstrate how the practice of his religion has been burdened by the requirement that he use his committed name in prison communications.

Furthermore, even if Babcock's name change were rooted in a sincerely held religious belief, "allowing an inmate to use both his religious and committed names 'is a reasonable middle ground between absolute recognition of the plaintiff's [religious name] and the prison interests of order, security and administrative efficiency." Id. at 334.

### III

Babcock's claim that prison staff retaliated against him for exercising his First Amendment rights must also fail because he cannot establish that the defendants retaliated against him for exercising a protected right or that the defendants' actions served no legitimate penological purpose. See Barnett v.

3

Centoni, 31 F.3d 813, 816 (9th Cir. 1994). Babcock's multiple warnings and eventual infraction served the legitimate penological purpose of maintaining safety and order in the prison. See Malik, 16 F.3d at 334.

**IV**

Babcock's Equal Protection Clause claim fails because he cannot demonstrate intentional discrimination—prison staff made efforts to deliver his mail even when it was addressed to his legal name, as it did with regard to the other prisoners. See Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

**V**

Babcock's claim that forcing him to use his committed name is cruel and unusual punishment in violation of the Eighth Amendment because it amounts to a death threat also fails. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (holding that threats alone do not violate the Eighth Amendment).

**VI**

Babcock's remaining claims lack merit.

**AFFIRMED.**