**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT JOSEPH GARCIA, | No. 10-15944 |
| Plaintiff - Appellant, | D.C. No. 1:06-cv-00167-JAT |
| v. | |
| M. LUNES; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
James A. Teilborg, District Judge, Presiding

Submitted June 15, 2011[**]

Before:    CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Robert Joseph Garcia, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that

prison officials violated his constitutional rights by confining him in the security

housing unit ("SHU") and administrative segregation. We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed as time-barred Garcia's claim challenging the 1996 placement in his file of information obtained from a confidential informant. *See Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004) (discussing California's two-year statute of limitations for § 1983 claims).

The district court properly dismissed Garcia's due process claims relating to his confinement in the SHU and administrative segregation because absent an allegation of atypical and significant hardship, such confinement does not implicate a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) (disciplinary segregation does "not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest."); *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) ("[A]dministrative segregation falls within the terms of confinement ordinarily contemplated by a sentence.").

The district court properly dismissed Garcia's retaliation claims because his conclusory allegations failed to state a claim for retaliation. *See Rizzo v. Dawson*, 778 F.2d 527, 532 n.4 (9th Cir. 1985) (conclusory allegations of arbitrary retaliation are insufficient to avoid dismissal).

The district court properly dismissed Garcia's access-to-courts claim because Garcia failed to allege that defendants' conduct resulted in an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 349-52 (1996).

The district court properly dismissed Garcia's Eighth Amendment claim alleging deliberate indifference to safety because Garcia did not allege facts showing that he was subjected to a substantial risk of serious harm as a result of an allegedly defamatory report. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam) (a threat does not constitute a violation of the Eighth Amendment).

The district court did not abuse its discretion in denying Garcia leave to file a third amended complaint after granting him two opportunities to amend and clearly instructing him on the deficiencies in his complaints. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (the district court's discretion is particularly broad when it has already granted leave to amend).

Garcia's remaining contentions are unpersuasive.

**AFFIRMED.**