116 F.3d 1485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kathleen BUTITTA, Plaintiff-Appellant,
v.
Angel CARBAJAL, in his capacity as police officer for the
City of Tempe Police Department; Randy WILSON, in his
capacity as police officer for the City of Tempe Police
Department; CITY OF TEMPE ARIZONA, a municipal corporation,
Defendants-Appellees.
 No. 96-16553.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
 June 23, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-95-02282-SMM; Stephen M. McNamee, District Judge, Presiding.
 Before GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kathleen Butitta appeals the district court's Fed.R.Civ.P. 12(b)(6) dismissal of her 42 U.S.C. § 1983 action alleging that her Fourth Amendment rights were violated when police officers Angel Carbajal and Randy Wilson threatened to arrest her and seize a motorcycle in her possession without a warrant. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's dismissal for failure to state a claim. See Buckey v. County of Los Angeles, 968 F.2d 791, 793-94 (9th Cir.1992). Review is limited to the contents of the complaint, and all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. See id. at 794.
 
 
 4
 Butitta contends that the district court erred by dismissing her First Amended Complaint containing § 1983 claims and pendent state law claims because she alleged facts sufficient to demonstrate that her Fourth Amendment rights were violated by defendants. This contention lacks merit.
 
 
 5
 To state a cause of action under § 1983, a plaintiff must allege that defendants, while acting under color of state law, deprived her of a federally-protected right. See 42 U.S.C. § 1983; Ortez v. Washington County, Or., 88 F.3d 804, 810 (9th Cir.1996) (citations omitted).
 
 
 6
 Here, Butitta's allegation that defendants Carbajal and Wilson had threatened, over the telephone, to seize a motorcycle in her possession and to arrest her without a warrant does not implicate a deprivation of a federally-protected right because a "threat to do an act prohibited by the Constitution is [not] equivalent to doing the act itself." See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987). Because Butitta has not alleged an actual deprivation of a protected right, the district court did not err by dismissing her § 1983 claims against defendants Carbajal and Wilson. See Ortez, 88 F.3d at 810; Gaut, 810 F.2d at 925.
 
 
 7
 Butitta's § 1983 claim against the city of Tempe was based upon the same alleged deprivation and underlying facts. Thus, we find no error in the district court's dismissal of Butitta's § 1983 claim against the city of Tempe. See Board of County Commissioners v. Brown, 117 S.Ct. 1382, 1394 (1997) (reaffirming that municipalities are liable under § 1983 only when "deliberate action attributable to the municipality directly caused a deprivation of federal rights"); Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978) (holding that municipalities are liable under § 1983 when municipal policy results in a constitutional violation).
 
 
 8
 Finally, Butitta contends that the district court erred by dismissing her First Amended Complaint and transferring her pendent state law claims to the superior court, without first granting her leave to amend. Insofar as this issue was not raised in the district court, we will not consider it for the first time on appeal. See U.S. v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990) (citations omitted).
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3