**Jesse T. MOTEN, Plaintiff—Appellant,**

v.

**T. RENWICK, Correctional Officer; et al., Defendants—Appellees.**

No. 01–16456.

D.C. No. CV–98–00118–LKK (DAD).

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 16, 2003.

Before BEEZER, KLEINFELD, and PAEZ, Circuit Judges.

MEMORANDUM **

Jesse T. Moten, a California state prisoner, appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging First and Eighth Amendment violations and negligence. We have jurisdiction pursuant to 28 U.S.C. § 1291. After de novo review, *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order), we affirm.

Moten's retaliation claim is premised on his allegation that the defendants threatened to, among other things, place him in the "hole" and mishandle his mail unless Moten stopped associating with an inmate who had filed a prison grievance against one of the correctional officers. The district court properly dismissed this claim because threats alone, absent a chilling effect, do not state a retaliation cause of action. *See Gaut v. Sunn,* 810 F.2d 923, 925 (9th Cir.1987) (per curiam).

Moten also alleged that prison officials denied him access to the prison grievance procedure when they denied his appeals. The district court properly concluded that Moten did not state a First Amendment claim because Moten conceded in his Fourth Amended Complaint that he had access to the prison appeal process, and alleged only that he did not agree with the ultimate disposition of those appeals.

Moten's Eighth Amendment failure to protect claim fails because he did not allege that he suffered even de minimis physical injuries due to the defendants allegedly labeling him a "snitch-rat." *See* 42 U.S.C. § 1997e(e); *Oliver v. Keller,* 289 F.3d 623, 627 (9th Cir.2002).

The district court properly dismissed Moten's negligence cause of action because negligence cannot form the basis of a section 1983 claim. *See Baker v. McCollan,* 443 U.S. 137, 146, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law.").

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Moten's request for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.