NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEITH ADAIR DAVIS, | No. 17-35943 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05129-BHS |
| v. | |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS, Secretary and Assistant Secretary; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted August 18, 2021**

Before: D.W. NELSON, CANBY, and SILVERMAN, Circuit Judges.

Washington state prisoner Keith Adair Davis appeals pro se from the district

court's summary judgment for defendant prison officials in Davis' action alleging

violations of his civil rights and the American with Disabilities Act. We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014), and we affirm.

The district court properly granted summary judgment on Davis' supervisory liability claims because Davis failed to raise a genuine dispute of material fact as to whether any supervisory defendants personally participated in any violation of Davis' constitutional rights. *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018).

The district court properly granted summary judgment on Davis' retaliation claims because Davis failed to raise a genuine dispute of material fact as to whether any defendant engaged in retaliatory conduct, whether his speech was chilled as a result of defendants' actions, or whether the allegedly adverse actions did not advance legitimate goals of the institution. *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) (finding that "mere speculation that defendants acted out of retaliation is not sufficient"); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995); *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994).

The district court properly granted summary judgment on Davis' Eighth Amendment claims challenging the conditions of his confinement. First, Davis' claims that defendants verbally harassed him are not colorable because verbal threats and harassment do not constitute a constitutional violation. *Gaut v. Summ*,

810 F.2d 923, 925 (9th Cir. 1987). Second, summary judgment on Davis' claims that he did not receive wheelchair accessible housing was proper because Davis failed to raise a triable issue of fact whether he was denied appropriate housing in wheelchair accessible cells or reasonable alternative accommodations. *Johnson v. Lewis*, 217 F.3d 726, 731–33 (9th Cir. 2000). Third, summary judgment on Davis' claim that he was exposed to asbestos or lead paint was proper because Davis failed to raise a triable issue of fact whether any defendant was deliberately indifferent to Davis' exposure to an unreasonably high level of either toxin. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The district court properly granted summary judgment on Davis' Eighth Amendment claims challenging medical care because Davis failed to raise a genuine dispute of material fact as to whether any defendant knew of and disregarded an excessive risk to Davis' health or safety. *Toguchi v. Chung*, 391 F.3d 1051, 1057, 1060 (9th Cir. 2004). The district court properly determined that Davis' allegations reflected, at best, a difference of medical opinion, which is insufficient to show deliberate indifference. *Id.*

Summary judgment was proper on Davis' Fourteenth Amendment claim that he was excluded from a disciplinary hearing because Davis had no protected right to attend the hearing after Davis was removed for being abusive to staff, and the record reflected that Davis waived his right to call witnesses or to present witness

17-35943

statements. *See Wolff v. McDonnell*, 418 U.S. 539, 566 (1974).

The district court properly granted summary judgment on Davis' ADA claims because Davis failed to raise a genuine dispute of material fact as to whether defendants failed to provide Davis either with wheelchair accessible housing and showers, or with reasonable alternative accommodations. *See, e.g, A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016).

The district court properly granted summary judgment on Davis' claim that he was denied access to a grievance process, because Davis has no constitutional right to one. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

The district court properly granted summary judgment on Davis' civil conspiracy claims because Davis merely alleged that the defendants were "in league" with one another, without explaining the substance of the alleged conspiracy. *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999); *Burns v. Cnty. of King*, 883 F.2d 819, 821 (9th Cir. 1989).

The district court properly dismissed Davis' access to court claims because Davis failed to demonstrate evidence that he suffered an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349 (1996) (setting forth standard of review and elements of an access to courts claim).

The district court did not abuse its discretion in denying Davis' discovery motions for additional time to conduct discovery because Davis' motion for additional time to conduct discovery failed to identify what discovery he sought, or why he had not completed discovery during the discovery period, and his motion to compel related to discovery requests that were untimely. *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1181 (9th Cir. 1988) (setting forth standard of review and addressing motion for extension of time); *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1084 (9th Cir. 2003) (motion to compel).

The district court did not abuse its discretion in overruling his objections to the magistrate judge's report and recommendation, or in denying Davis' motion for reconsideration, after Davis rehashed arguments previously made, or came forward with only irrelevant new evidence. *U.S. v. Howell*, 231 F.3d 615, 621–23 (9th Cir. 2000); *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993) (standard of review).

We decline to consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**